United States Court of Appeals
for the First Circuit
No. 22-1823

ESTADOS UNIDOS MEXICANOS,
Plaintiff-Appellant,

v.

SMITH & WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING, INC.; BERETTA U.S.A. CORP.; CENTURY INTERNATIONAL ARMS, INC.; COLT'S MANUFACTURING COMPANY, LLC; GLOCK, INC.; GLOCK GES.M.B.H.; STURM, RUGER & CO., INC.; WITMER PUBLIC SAFETY GROUP, INC. D/B/A INTERSTATE ARMS,

Defendants-Appellees
_____/

## ERWIN ROSENBERG'S MOTION TO INTERVENE TO ASK THIS COURT TO DECLARE THAT THE DISBARMENTS THAT MASSACHUSETTS AND NEW YORK ISSUED AGANST ROSENBERG ARE VIOLATIVE OF THE FIRST AMENDMENT AS APPLIED TO ROSENBERG

**a,   Introduction**

Erwin Rosenberg claims an interest in this Court reversing the district court because the district court's limitation on the availability of litigation options is a limitation on Rosenberg's First Amendment right to practice law.

A court of appeals may allow a motion to intervene on appeal and should

1

consider district court Rule 24's policy that the greater the interest of the movant, the more likely the motion should be granted. See Cameron v. EMW Women's Surgical Center, PSC, 142 S. Ct. 1002, 1010 (2022)("Thus we have considered the "policies underlying intervention" in the district courts, *Automobile Workers v. Scofield*, 382 U.S. 205, 217, n. 10, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965), including the legal "interest" that a party seeks to "protect" through intervention on appeal. Fed. Rule Civ. Proc. 24(a)(2)."),

### b. Argument

Erwin Rosenberg, a person who has practiced law and would like to continue to do so but has received a disbarment in Florida and as a consequence reciprocal disbarments from New York and Masssachusetts, maintains he has a First Amendment right to practice law and that the district court decision fails to adequately consider the First Amendment rights of persons who wish to practice law such as Rosenberg as the district court's interpretation of the federal statute improperly limits the amount of cases that persons who wish to practice law may file against gun manufacturers or sellers. Rosenberg agrees with the Attorney General of

2

Massachusett's amicus brief but that brief only complains about the encroachment on federalism, not the encroachment on private person's First Amendment rights. See <u>US Forest Service v. Cowpasture River Pres. Assn,</u> 140 S. Ct. 1837, 1849-1850 (2020)("Our precedents require Congress to enact exceedingly clear language if it wishes to significantly alter the balance between federal and state power and **the power of the Government over private property**." (emphasis added).

The Atotrney General of Massachusetts' "amicus" (pending re-filing to correct a technical problem) on behalf of Massachusetts, New York and other States, constitutes a "voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter" quoting <u>Lapides v. Board of Regents of Univ. System of Ga.</u>, 535 US 613, 624 (2002)(discussing removal).

Erwin Rosenberg maintains that he has a First Amendment right to practice law. Professional speech is considered regular speech although until recently it was possible that licensing of professionals did not violate the First Amendment because <u>Casey</u>'s First Amendment holding survived

3

NIFLA v. Becerra, 148 S.Ct.2631 (2018). See Del Castillo v. Secretary, Florida Department of Health, 26 F.4th 1214, 1223 (11th Cir. February 18, 2022), *cert. denied.* renamed *Del Castillo v. Ladapo* (December 5, 2022) ("The *NIFLA* Court spoke with unmistakable clarity about the line of precedents upholding regulations of professional conduct that incidentally burden speech and another line of precedents (upholding laws compelling the disclosure of information in certain contexts): "neither line of precedents is implicated here." 138 S,Ct. at 2372.") . Yet shortly after the Eleventh Circuit issued its Del Castillo opinion Dobbs v. Jackson Women's Health Organization, 142 S.Ct. 2228 (June 24, 2022) overruled Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 884, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) not only because Casey reaffirmed a supposed U.S. Constitutional right to abortion, but also because Casey distorted First Amendment law.  See Dobbs v. Jackson Women's Health Organization,142 S. Ct. at 2275-2276; "The Court's abortion cases have diluted the strict standard for facial constitutional challenges.[60] . . . **And they have distorted First Amendment doctrines.[65]**" (footnotes omitted)(emphasis added). *Rooker-Feldman* is not a bar to jurisdiction not only because this Court has jurisdiction to grant a motion to intervene but because the facts of

4

*Feldman* are distinguishable as it was a judicial case where parties sought a waiver of a bar admission requirement; it was not a disbarment which the Supreme Court has deemed is a non-judicial activity. See Forrester v. White, 484 US 219, 228-229 (1988)("Similarly, in the same case, we held that judges acting to enforce the Bar Code would be treated like prosecutors, and thus would be amenable to suit for injunctive and declaratory relief. *Id.*, at 734-737."(citing Supreme Court of Va. v. Consumers Union of United States, Inc., 446 US 719 (1980).

### c. Conclusion

Wherefore Erwin Rosenberg moves to intervene on appeal nd to declare that the Massachusetts and New York disbarments against Rosenberg violate the First Amendment.

### Certificate of Compliance with Rule 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and 32(a)(7)(B) because this brief contains 1007 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in 14-point Times New Roman font.

Certificate of Service

I hereby certify that on March 28, 2023, I mailed this paper to John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2500, Boston, MA 02210 and when the Clerk files this paper it will automatically be sent

ECF. In additiona, a copy of this paper was emailed today to Elizabeth N. Dewar, Office of the Attorney General of Massachusetts at bessie.dewar@mass.gov Richard Brunell, attorney for Appellant at rbrunell@shadowenpllc.com , and Andrew E. Lelling, attorney for Appellee Smith & Wesson Brands, Inc.at alelling@jonesday.com

Respectfully Submitted,

s./ Erwin Rosenberg  
Erwin Rosenberg  
1000 West Island Blvd. # 1011  
Aventura, Florida 33160  
Tel 786-299-2789  
erwinrosenberg@gmail.com

6

Erwin Rosenberg
1000 Island Blvd. #1011
Aventura, FL. 33160

USMS SCREENED




U.S. POSTAGE PAID
FCM LETTER
NORTH MIAMI BEACH, FL
33160
MAR 29, 23
AMOUNT
$0.87
R2304W119381-4

RDC 20    02210

JOSEPH MOAKLEY U.S. COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, M.A. 02210

02210-300425