No. 22-1823

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

ESTADOS UNIDOS MEXICANOS,

*Plaintiff-Appellant*,

v.

SMITH & WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING, INC.; BERETTA U.S.A. CORP.; BERETTA HOLDING S.P.A.; CENTURY INTERNATIONAL ARMS, INC.; COLT'S MANUFACTURING COMPANY LLC; GLOCK, INC.; GLOCK GES.M.B.H.; STURM, RUGER & CO., INC.; WITMER PUBLIC SAFETY GROUP, INC. D/B/A INTERSTATE ARMS,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Massachusetts (Saylor, C.J.)
No. 1:21-CV-11269-FDS

**APPELLANT'S RESPONSE TO DEFENDANTS'
CITATION OF SUPPLEMENTAL AUTHORITY**

The Government briefly responds to Defendants' Citation of Supplemental Authority regarding the Supreme Court's attached recent decision in *Twitter, Inc. v. Taamneh*, No. 21-1496, 2023 WL 3511531 (U.S. May 18, 2023). *Taamneh* supports the Government, not the Defendants.

1

Defendants argue that *Taamneh* precludes liability here because, they contend, the Government's claim is merely that Defendants "allegedly know that some remote actors obtain firearms through independent wholesalers and retailers and then smuggle them abroad where they are put to criminal use by drug cartels." Defendants' Citation of Supplemental Authority, p.1-2, filed 5/22/23. That's not what the Government claims.

The Complaint alleges in detail that Defendants could sell guns safely and legally, have been told by the United States and industry authorities to do so (and how to do so), but instead deliberately and actively *choose to make and sell guns in unsafe ways that they know supply criminals*. *See* Brief of Appellant Estados Unidos Mexicanos, p.5, 6, 7, 40-45, filed 3/16/23.

Defendants are not passive bystanders merely aware of illegal downstream diversion of their guns; they are active and deliberate participants in that diversion. Knowingly providing assault rifles to corrupt dealers and designing sales practices to profit from the criminal market are a far cry from providing an open forum in which anyone can Tweet.

To the extent that *Taamneh* is informative here, its relevance is its approving citation of *Direct Sales v. United States*, 319 U.S. 703 (1943). *See* Brief of Appellant Estados Unidos Mexicanos, p. 43-44, filed 3/16/23. *Direct Sales* upheld the criminal conviction of a drug manufacturer for supplying a "legal" licensed

doctor in quantities that should have alerted it that the doctor was trafficking. Those facts are far closer to the Government's actual claims, though the facts here are even stronger and this is a civil case on a motion to dismiss, not a criminal conviction after trial. The Court in *Taamneh* wrote:

> To be sure, we cannot rule out the possibility that some set of allegations involving aid to a known terrorist group would justify holding a secondary defendant liable for all of the group's actions or perhaps some definable subset of terrorist acts. There may be, for example, situations where the provider of routine services does so in an unusual way or provides such dangerous wares that selling those goods to a terrorist group could constitute aiding and abetting a foreseeable terror attack. Cf. *Direct Sales Co. v. United States*, 319 U. S. 703, 707, 711–712, 714–715 (1943) (registered morphine distributor could be liable as a co- conspirator of an illicit operation to which it mailed morphine far in excess of normal amounts). Or, if a platform consciously and selectively chose to promote content provided by a particular terrorist group, perhaps it could be said to have culpably assisted the terrorist group. Cf. Passaic Daily News v. Blair, 63 N. J. 474, 487–488, 308 A. 2d 649, 656 (1973) (publishing employment advertisements that discriminate on the basis of sex could aid and abet the discrimination).
>
> In those cases, the defendants would arguably have offered aid that is more direct, active, and substantial than what we review here; in such cases, plaintiffs might be able to establish liability with a lesser showing of scienter.

*Twitter, Inc. v. Taamneh*, 598 U.S. ___(2023).

*Taamneh* reaffirmed *Direct Sales*, and Defendants sell very "dangerous wares" through sales practices designed to supply the cartels. Defendants' conduct is anything but innocuous "routine services" like Twitter's passive hosting of content.

Dated: June 5, 2023

Respectfully submitted,

/s/ *Richard Brunell*
SHADOWEN PLLC

Steve D. Shadowen
Richard M. Brunell
Nicholas W. Shadowen
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
rbrunell@shadowenpllc.com
nshadowen@shadowenpllc.com

/s/ *Jonathan E. Lowy*
Jonathan E. Lowy
GLOBAL ACTION ON GUN VIOLENCE
805 15th Street NW, #601
Washington, DC 20005
Phone: (202) 415-0691
jlowy@actiononguns.org

*Counsel for Estados Unidos Mexicanos*

## CERTIFICATE OF SERVICE

I, Richard Brunell, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: June 5, 2023                                         Respectfully submitted,

                                                            /s/ *Richard Brunell*
                                                            Richard Brunell